The Honorable Marsha J. Pechman

FILED _____ ENTERED
LODGED _____ RECEIVED

JUN 15 2016

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY BRIDGES,<br><br>Defendant. | NO. CR15-181 MJP<br><br>PLEA AGREEMENT |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Cecelia Gregson, Special Assistant United States Attorney for said District, and the defendant GREGORY BRIDGES, and his attorney Page Pate, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Superseding Indictment:

   a. Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, as charged in Count 1, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        b.      Travel with Intent to Engage in a Sexual Act with a Minor as charged in Count 3, in violation of Title 18, United States Code, Section 2423(b).

        c.      Travel with Intent to Engage in a Sexual Act with a Minor as charged in Count 4, in violation of Title 18, United States Code, Section 2423(b).

2.    **Charging document.** By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his pleas of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.    **Elements of the offenses.**

The elements of the offense of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, as charged in Count 1, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and 2252(b)(2), are as follows:

**First,** that the defendant knowingly possessed matters that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

**Second,** the defendant knew each visual depiction contained in the matters was of minors engaged in sexually explicit conduct;

**Third,** the defendant knew that production of such visual depictions involved the use of a minor in sexually explicit conduct; and

**Fourth,** that each visual depiction had been either transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce by computer or other means.

The elements of the offense of Travel with Intent to Engage in a Sexual Act with a Minor, as charged in Counts 3 and 4, in violation of Title 18, United States Code, Section 2423(b), are as follows:

**First,** the defendant traveled in interstate commerce;

**Second,** the defendant's purpose in traveling in interstate commerce was to engage in a sexual act with an individual he believed was under the age of eighteen; and

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Third**, the intended sexual act would have been a violation of federal criminal law.

"Child pornography" as defined in Title 18, United States Code, Section 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

"Sexually explicit conduct," as defined in Title 18, United States Code, Section 2256(2), means actual or simulated – (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person.

4.  **The Penalties**. Defendant understands that the statutory penalties applicable to Count 1, Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, are as follows: Imprisonment for up to twenty years, a fine of up $250,000, a period of supervision following release from prison of between five (5) years and life pursuant to Title 18, United States Code, Section 3583(k), a special assessment of $100, a mandatory special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that the statutory penalties applicable to Counts 3 and 4, Travel with Intent to Engage in a Sexual Act with a Minor: Imprisonment for up to thirty (30) years, a fine of up $250,000, a period of supervision following release from prison of

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

between five (5) years and life pursuant to 18 United States Code Section 3583(k), and a special assessment of $100, a mandatory special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

In addition, in order to invoke the statutory penalties discussed above for Count 1, the United States must prove beyond a reasonable doubt that the Defendant possessed an image of a minor engaged in sexually explicit conduct that involved a minor under the age of twelve years old. Defendant waives the right to require the United States to make this proof at trial and stipulates that this plea of guilty includes Defendant's acknowledgment that Defendant possessed an image of a minor engaged in sexually explicit conduct that involved a minor under the age of twelve years old.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately, and further

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Forfeiture of Assets.** Defendant agrees to immediately forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a), Defendant's right, title, and interest in any and all property, real or personal, that was used or intended to be used to commit or to promote the commission of the charged offenses, and any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110, including but not limited to, the following assets:

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Any and all images of child pornography, in whatever format and however stored;

b. Apple MacBook Air;

c. Two memory cards.

7. **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offenses:

a. On December 30, 2014, using a computer, Defendant knowingly uploaded to the Internet six files containing depictions he knew to depict minors engaged in sexually explicit conduct to his Dropbox account (email: gregbridges@gmail.com, USER ID: 242682590) via public sharing links. The uploaded files were titled: "*2013-10-07_20-39-07_062.mp4*; *!!New!!9yBoysM.mpg*; *Open – f08 6yo boy fucks mom*; *13m38s-1mpg*; *6.mp4*, *drilled_x264.mp4*; *_bb-Brown-haired_boys_in_white_undies_Pt2.3gp.*" Dropbox reported violation to the National Center for Missing and Exploited Children (NCMEC) and provided copies of the uploaded files. Dropbox also provided the offending identifying customer information which led back to the account owner, GREGORY BRIDGES, living in Seattle, Washington.

b. The names of the images and videos stored on GREGORY BRIDGES' Dropbox account explicitly describe visual depictions involving minors being sexually exploited and GREGORY BRIDGES knew the content of the images and videos contained in the account were of minors engaging in sexually explicit conduct. Dropbox ultimately reported thousands of images and videos of minors engaged in sexually explicit conduct had been knowingly uploaded by GREGORY BRIDGES via computer for storage on GREGORY BRIGES account. Of the thousand images and videos of depictions of minors engaged in sexually explicit conduct, several hundred in particular depicted minor children under the age of twelve (12) being sexually assaulted and penetrated by adults. Two of the six images reported by Dropbox to NCMEC are described below:

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     i. Video 2013-10-07_20-39-07_062.mp4 lasts one minute, seven seconds and depicts a close up of a brown haired prepubescent white male, approximately nine (9) to eleven (11) years of age. There is another male in the video with the prepubescent male that is only visible from the waist down. This male is completely naked and has his erect penis in the child's hands. The two are laying on a yellow brown bed with the second male being on his back and the child at the male's legs. The video is focused on the child as he performs oral sex on the second male.

     ii. Video 6mp4 lasts one minute and one second. The video depicts three (3) prepubescent males in a room with white walls. In the beginning of the video you see a naked nine (9) to eleven (11) year old male child lying with his legs up on a mattress that has a white sheet and a brown textured under layer. Another nine (9) to eleven (11) year old male child is inserting his penis into the anus of the male child that is lying down. A third male child that you can see only from the waist down stands on the mattress and the male child that is inserting his penis in the first male child stops and takes the third male child's erect penis into his mouth. The male child continues to do this for most of the video then return to inserting his penis in the first male child's anus.

  c. GREGORY BRIDGES had a sexual relationship with MV1, a fourteen year old boy residing in the State of Colorado. GREGORY BRIDGES commenced a sexual relationship with MV1 when MV1 was fourteen years old and ended when MV1 was sixteen years old. GREGORY BRIDGES flew from Seattle-Tacoma International Airport to the State of Colorado on or about April 5, 2013, and April 26, 2013, and had sexual intercourse with fourteen year old MV1 in various hotels he rented for the weekend.

  8. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

9. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, as charged in Count 1, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2):

        i. A base offense level of 18, pursuant to USSG § 2G2.2(a)(1);

        ii. A two-level increase pursuant to USSG § 2G2.2(b)(2) for minors under the age of twelve;

        iii. A two-level increase pursuant to USSG § 2G2.2(b)(6) for use of a computer;

        iv. A five-level increase pursuant to USSG § 2G2.2(b)(7)(D) because the offense involved more than 600 images;

        v. A three-level reduction to defendant's offense level, provided defendant qualifies for an adjustment of acceptance of responsibility, as set forth in paragraph 9 above, pursuant to USSG § 3E1.1(a).

    b. Travel with Intent to Engage in a Sexual Act with a Minor, as charged in Counts III and IV, in violation of Title 18, United States Code, Section 2423(b):

        i. A base offense level of 28, based upon the relevant conduct of Enticement of a Minor pursuant to USSG § 2G1.3(a)(3);

        ii. A two-level increase pursuant to USSG § 2G1.3(b)(3) for use of a computer;

        iii. A three-level reduction to defendant's offense level, provided defendant qualifies for an adjustment of acceptance of responsibility, as set forth in paragraph 9 above, pursuant to USSG § 3E1.1(a).

In exchange for Defendant's agreement to submit to a pre-sentence psycho-sexual evaluation and to provide the results to the government, the United States Probation Office, and the Court for the purposes of determining the appropriate sentence and

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conditions of supervised release, the government will recommend a further reduction of three levels from the offense level.

The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Sentencing Recommendation.** The government will recommend a total term of imprisonment of not more than 120 months. The government may also recommend up to a lifetime of supervised release. Defendant is free to recommend any sentence. Defendant understands and acknowledges that these recommendations are not binding upon the Court, and the Court remains free to impose any sentence up to the statutory maximum. Defendant also understands and acknowledges that the government remains free to recommend whatever it believes is appropriate with respect to other aspects of the sentence.

12. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

13. **Registration as a Sex Offender.** Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to sex offenses and is a sex offender as those terms are defined in the Act. Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee, and/or is a student. Defendant further agrees that for initial registration purposes only, Defendant is required also to register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss any remaining counts in the Indictment, and the 17th Judicial District Adams and Broomfield Counties of Colorado agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous, or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conditions of his confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.**

Defendant acknowledges that by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the Court. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

   a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

   b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his plea of guilty.

18. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

20. **Global Agreement.** This agreement is contingent upon fulfillment of the agreement reached between the Defendant and the 17th Judicial District Adams and Broomfield Counties of Colorado that is attached hereto as Attachment A. The defendant

///

///

///

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

has the right to withdraw his pleas in the above entitled matter should the 17th Judicial District Adams and Broomfield Counties of Colorado file charges as outlined in the non-prosecution letter dated April 21, 2016.

DATED this 15th day of June, 2016.

_____
GREGORY BRIDGES
Defendant

_____
PAGE PATE
Attorney for Defendant

Michael Nance
lack of counsel

CM for Mike Dion
_____
MICHAEL DION
Assistant United States Attorney


_____
CECELIA GREGSON
Special Assistant United States Attorney

PLEA AGREEMENT / GREGORY BRIDGES
CR15-181MJP - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT A



**Dave Young**
District Attorney

**17th Judicial District**
Adams & Broomfield Counties
District Attorney's Office

April 21, 2016

Page Pate
Pate & Johnson LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303

**RE:** *United States v. Gregory Bridges CR15-181MJP*

Dear Mr. Pate:

I understand that the United States Attorney's Office for the Western District of Washington is engaged in the prosecution of Gregory Bridges for Possession of Depictions of Minors Engaged in Sexually Explicit Conduct, Enticement of a Minor, and Travel with Intent to Engage in a Sexual Act with a Minor, in violation of Title 18 United States Code Section 2252(a)(4), Section 2422(b), and Section 2423(b), respectively. This matter has been referred to our office for review. Based upon the investigation, we are considering state charges of Sexual Assault on a Child pursuant to Colorado Statute 18-3-405 for conduct committed by Mr. Bridges in our jurisdiction.

Mr. Bridges faces a potential sentence of mandatory life in prison if he is convicted of Sexual Assault on a Child as a Pattern of Abuse.

The 17th Judicial District Attorney's Office is willing to enter into a non-prosecution agreement with Mr. Bridges in exchange for a guilty plea by Mr. Bridges in U.S. District Court for Western Washington to charges pending in that jurisdiction. The provision of Mr. Bridge's guilty plea would be that the United States Attorney's Office recommends a minimum sentence of ten years imprisonment, restitution, mandatory fines and fees, no contact with victims or minors, and up to life time supervision.

I have cc'd SAUSA Cecelia Gregson on this letter, so that she may keep my office informed of the status of the federal prosecution and we are able to proceed accordingly.

Sincerely,

Amy Petri Beard
Senior Deputy District Attorney / CVU

cc: Cecelia Gregson