UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR15-181 MJP |
| Plaintiff, | ORDER DENYING MOTION TO INTERVENE |
| v. | |
| GREGORY LYLE BRIDGES, | |
| Defendant. | |

The above-entitled Court, having received and reviewed:

1. Motion to Intervene and to Order Production of Records (Dkt. No. 74),

2. Government's Response to Motion to Intervene and to Order Production of Records (Dkt. No. 77),

3. Defendant's Opposition to Plaintiff's Motion to Intervene and to Order Production of Records (Dkt. No. 78),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

1   This motion is brought by counsel for Carter Jesness, a victim of Defendant's criminal

2   sexual activity and the plaintiff in a civil suit against Defendant (<u>Jesness v. Bridges</u>, C18-

3   1225RSM).  Liability in the civil matter has been established via summary judgment (based on

4   the criminal conviction) and trial on the issue of damages is pending; a bench proceeding is

5   currently set before the Honorable Ricardo S. Martinez of this district on November 16, 2020.

6   Mr. Jesness' request of this Court is twofold: (1) to permit Mr. Jesness to intervene in

7   this criminal proceeding and (2) to order the Government to "produce the discovery in this

8   matter concerning Bridges' crimes against Carter Jesness in order to assist in the preparation of

9   the damages trial scheduled before Judge Martinez." (Dkt. No. 74, Motion at 14.)

10  Mr. Jesness' counsel cites FRCP 24(b)(1)(B) as authority for his client's right to

11  intervene in this case.  The problem (as the Government points out) is that this rule of federal

12  *civil* procedure says nothing about intervention in criminal matters.  It is, in fact, the general rule

13  in the Ninth Circuit that "individuals lack standing to intervene in criminal prosecutions." <u>U.S.

14  v. Van Dyck</u>, 866 F.3d 1130, 1133 (9th Cir. 2017), *citing* <u>Linda R.S. v. Richard D. and Texas</u>,

15  410 U.S. 614, 619 (1973).

16  There are a host of other problems with this motion, ranging from its vague and possibly

17  overbroad nature, compliance issues related to evidence of child pornography and grand jury

18  materials, and questions about why counsel chose not to simply enforce Judge Martinez's order

19  compelling production of this material or subpoena it within the civil proceeding.   All these

20  issues are moot in face of Mr. Jesness' inability to establish his right to intervene herein.

21  This Court joins the Government in expressing its hope that Mr. Jesness is able to

22  vindicate his rights and achieve all the compensation to which he is entitled.   This must be

23  accomplished, however, within the framework established for the just and orderly administration

24

of civil litigation. Mr. Jesness has not succeeded in establishing that intervention in his abuser's criminal proceeding is among the rights accorded him in this process.

The motion to intervene and to order production of records in the above-entitled matter is DENIED.

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Dated April 30, 2020.

Marsha J. Pechman
United States Senior District Judge